## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN BELCHER, | : | NO. 4:25-CV-00100 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| Defendant | : | |

## MEMORANDUM OPINION

This is an action brought under 42 U.S.C. § 1383(c), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Kevin Belcher's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act (SSA). Complaint, Doc. 1. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons expressed below, the Court will affirm the Commissioner's decision.

## I.    BACKGROUND

On February 18, 2022, Plaintiff Kevin Belcher applied for Disability Insurance Benefits and Supplemental Security Income, under Titles II and XVI of the SSA, claiming disability beginning November 11, 2020.

Decision, doc. 8-2 at 18. The Social Security Administration denied Plaintiff's claim initially and after reconsideration. *Id.* On October 5, 2023, an Administrative Law Judge ("ALJ") conducted an online video hearing, *id.*, and on March 14, 2024, she determined that Plaintiff was not disabled under the SSA. *Id.* at 34. On November 22, 2024, the Appeals Council denied Plaintiff's request for review, so the ALJ's determination that Plaintiff was not disabled is the Commissioner's final decision. *Id.* at 2; *see* 42 U.S.C. § 405(g).

Pending before this Court is Belcher's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 11, 15, 16) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Consent Form, doc. 6.

## II.    THE ALJ'S DECISION

In a decision dated March 14, 2024, the ALJ determined Plaintiff was not disabled between November 11, 2020, and the date of the decision. Doc. 8-2 at 34. The ALJ reached this conclusion after proceeding

through the five-step sequential analysis required by the SSA. *See* 20 C.F.R. §§ 416.920(a)(1), 404.1520(g).

At step one, an ALJ must determine whether the claimant has engaged in substantial gainful activity ("SGA") since the onset of alleged disability. 20 C.F.R. § 416.920(a)(4)(i). If a claimant has engaged in SGA, the Regulations deem them not disabled, regardless of age, education, or work experience. 20 C.F.R. § 416.920(b). Here, the ALJ determined that Belcher "has not engaged in [SGA] since November 11, 2020, the amended alleged onset date." Doc. 8-2 at 21. Thus, the ALJ's analysis proceeded to step two.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that is severe. 20 C.F.R. § 416.920(a)(4)(ii). If the ALJ determines that a claimant does not have an "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities, [the ALJ] will find that [the claimant] do[es] not have a severe impairment and [is], therefore, not disabled." 20 C.F.R. § 416.920(c). If a claimant establishes a severe impairment or combination of impairments, the analysis continues to the third step.

Here, the ALJ found that Belcher has the following severe impairments: status post right pilon and tibia fracture; biceps tendinitis status post right shoulder arthroscopy with rotator cuff repair, decompression, and SLAP repair; obesity; and status post right wrist fusion Doc. 8-2 at 21.

At step three, the ALJ must determine whether the severe impairment or combination of impairments meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. 20 C.F.R. § 416.920(a)(4)(iii). If the ALJ determines that the claimant's impairments meet these listings, then the claimant is considered disabled. *Id*. Here, the ALJ determined that none of Belcher's impairments, considered individually or in combination, met or equaled a listing. Doc. 8-2 at 23.

Between steps three and four, the ALJ determines the claimant's residual functional capacity ("RFC"), crafted upon consideration of the medical evidence provided. 20 C.F.R. § 416.920(a)(4). The ALJ determined that Belcher has the RFC:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally push and/or pull with the right lower extremity including foot controls. The claimant can frequently balance (as defined by the

SCO/DOT), or stoop, but only occasionally kneel, crouch, or crawl. The claimant can frequently climb ramps, but only occasionally climb stairs. The claimant can never climb ladders, ropes, or scaffolds. The claimant can occasionally push and/or pull with the upper extremities, including hand levers. The claimant can occasionally reach overhead with the right upper extremity. The claimant can frequently reach laterally and forward with right upper extremity, with no limitation on reaching with the left upper extremity. The claimant can perform frequent fine and gross manipulation. The claimant is limited to frequent exposure to temperature extremes of cold and heat, vibrations, and hazards, including dangerous moving machinery and unprotected heights.

Doc. 8-2 at 25.

At step four, after assessing a claimant's RFC, the ALJ must determine whether the claimant has the RFC to perform the requirements of their past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). A finding that the claimant can still perform past relevant work requires a determination that the claimant is not disabled. *Id*. If the claimant cannot perform past relevant work or has no past relevant work, then the analysis may proceed to the fifth step. *See* 20 C.F.R. § 416.960(a)(4), (h). Here, the ALJ found that Belcher is unable to perform any past relevant work. Doc. 8-2 at 31.

At step five of the sequential analysis process, an ALJ considers the claimant's age, education, and work experience to see if a claimant can make the adjustment to other work. 20 C.F.R. § 416.920(a)(4)(v). If a

claimant can perform other work, they will not be considered disabled. *Id.*

After considering Belcher's age, education, work experience, RFC, and the vocational expert's testimony, the ALJ determined that there exist jobs in significant numbers within the national economy that Belcher can perform. Doc 8-2 at 32. As a result of this analysis, the ALJ determined that Belcher was not disabled. *Id.* at 34.

## III. STANDARD OF REVIEW

In order to receive benefits under the Social Security Act, a claimant must demonstrate an "inability to engage in any SGA by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other SGA that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A).

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court's review is limited to determining

whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). Substantial evidence is less than a preponderance of the evidence but "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is

supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003).

The question before the Court, therefore, is not whether Belcher was disabled, but whether the Commissioner's finding that Belcher was not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner.").

## IV.   DISCUSSION

Belcher contests the validity of the ALJ's decision because she found that he had a greater RFC than he believes the record supports. Doc. 11 at 11. Belcher cites three specific errors in the ALJ's opinion that

warrant remand. One, the ALJ unreasonably deemed Dr. Stone's opinion unpersuasive. *Id.* at 16. Two, the ALJ's RFC of light work is inconsistent with Dr. Stone's opinion. *Id.* at 11. And three, the ALJ's reasoning was minimal and selective, preventing this Court from conducting meaningful judicial review. *Id.* at 14.

The Court finds all of Belcher's arguments unpersuasive. Belcher essentially asks the Court to reweigh the evidence to find that Belcher is disabled. However, this Court "may not weigh the evidence or substitute our own conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Rather, the task before the Court is much simpler: to ascertain whether the ALJ's decision was supported by substantial evidence. *Id.* Because a review of the record demonstrates that it was, the Court, adhering to the deferential standard of review outlined above, will affirm the decision of the Commissioner.

First, Belcher maintains that the ALJ irrationally found Dr. Stone's opinion unpersuasive and crafted an RFC that was inconsistent with Dr. Stone's medical opinion. Doc. 11 at 11. In this way, the ALJ substituted her own lay opinion for that of a medical expert, and improperly found Belcher not disabled. *Id.* at 14. Dr. Stone opined that Belcher is limited

to standing or walking for two hours out of an eight-hour workday. Doc. 8-2 at 28. This, Belcher argues, supports an RFC for sedentary work and not light work, as the ALJ determined. Doc. 11 at 11. Further, he asserts that the ALJ's conclusion that Dr. Stone's opinion was only partially persuasive was improper because 20 C.F.R § 404.1520c required the ALJ to weigh additional factors when faced with two persuasive opinions, and the ALJ failed to do so. *Id* at 16.

The ALJ's determination that Dr. Stone's opinion was partially persuasive and her resultant RFC finding were supported by substantial evidence. The regulations require objective clinical signs and laboratory findings to demonstrate the existence of a medically determinable impairment that could reasonably be expected to produce a claimant's alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). If there is medical evidence in the record that establishes that such an impairment exists, the ALJ must evaluate the intensity and persistence of the symptoms and their effect on the claimant's ability to work, considering the full record. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3).

Here, the ALJ clearly outlined the reasons why she did not find Dr. Stone's opinion fully persuasive and determined that Belcher could

perform light work. The ALJ found Dr. Stone's opinion partially persuasive in the areas in which it was consistent with the overall record. Doc. 8-2 at 29. However, the medical exams showed mixed results regarding Belcher's symptoms. *Id.* Additionally, the ALJ found that no objective medical evidence existed to support some of the "relatively extreme" limitations Dr. Stone opined for Belcher, such as his need to change positions frequently. *Id.* The ALJ noted that the record appeared to show that Dr. Stone's opined restrictions were based on Belcher's personal report of his symptoms and not on exam findings or other objective medical evidence. *Id.* Because those more restrictive limitations regarding walking and shifting positions during work are the primary reasons Belcher believes the ALJ should have assessed an RFC of sedentary work, and those limitations are not supported by objective medical evidence, the ALJ did not err by discounting those portions of Dr. Stone's opinion.

Likewise, the Court is unpersuaded by Belcher's argument that the ALJ's reasoning was based on lay analysis. Belcher alleges that "the ALJ's summary finding that (for no given explanation) the normal findings in some unexplained way 'outweigh' the abnormal findings of

antalgic gait, difficulty walking on heels, etc., is nothing but impermissible lay analysis." Doc. 11 at 15. Not so. Contrary to Belcher's suggestion, the ALJ did not interpret raw medical data to calculate his RFC, nor did she substitute her lay opinion for Dr. Stone's expert opinion. Rather, the ALJ performed her job: she read Dr. Stone's opinion and determined whether it was consistent with and supported by objective medical tests and other evidence in the record, as the regulations require her to do. 20 C.F.R. §§ 404.1529(b), 416.929(b). After discovering that portions of Dr. Stone's opinion were inconsistent with the evidence of record and unsupported by objective medical findings, the ALJ refused to adopt some of Dr. Stone's opined limitations. Doc. 8-2 at 29. The ALJ clearly explained this in her decision, and the Court was able to follow her reasoning.[1] Moreover, an ALJ does not employ her lay opinion to

---

[1] For example, the ALJ explained:

> The undersigned finds Dr. Stone's review to be partially persuasive, generally, only where it is consistent with the overall record showing the claimant had severe impairments that affected the claimant's ability to lift, carry, sit, and climb ladders, ropes, or scaffolds. . .. The undersigned also notes that Dr. Stone's review was internally inconsistent, with no findings on exam to support some of the relatively extreme restrictions, such as no evidence of pulmonary conditions that

*(footnote continued on next page)*

determine a claimant's disability when she "assesses the RFC that falls between competing [medical] opinions." *Durden v. Colvin*, 191 F. Supp. 3d 429, 454-555 (M.D. Pa. 2016). Here, The ALJ agreed with other medical experts like Doctors Grobb, Parmelee, and Smith, that Belcher could perform light work. Doc. 8-2 at 28-30. Thus, the ALJ did not substitute her lay opinion for that of Dr. Stone, and her conclusion that Belcher had the RFC to perform light work was based on substantial evidence.

Furthermore, the ALJ was not required to address special factors, like the doctor's treating relationship with the claimant,[2] to "break the

> would cause limitations in exposure to dust or fumes, or that the claimant could never reach overhead with the right upper extremity, or any medical determinable spine condition that would require the claimant to need to change positions frequently, and that such restrictions appeared to be based on subjective reports of symptoms by the claimant.

Doc. 8-2 at 29.

[2] Belcher seems to be confusing the pre-March 27, 2017, factors (in which ALJs regarded the examining and treatment relationship of medical experts as the two most important factors to consider when determining how persuasive a medical opinion was) 20 C.F.R. § 404.1527(c)(1)-(2), with the post March 27, 2017, factors currently in use. 20 C.F.R. § 404.1520c(b)(2). Regardless, neither are applicable here, for the reasons discussed below.

tie" between different doctors' opinions, contrary to Belcher's assertion. Doc. 11 at 6-7. When an ALJ determines the weight to assign to differing medical opinions, she is simply required to consider the two most important factors of consistency and supportability, and need not discuss other factors in her decision. 20 C.F.R. §§ 404.1520c(b)(2)-(3), 416.920c(b)(2)-(3). The ALJ would only be mandated to discuss additional factors if the ALJ believed that there were multiple opinions that were equally persuasive and consistent with the record. *Id.*; *see also Nelson v. Kijakazi*, No. 21-450, 2023 WL 2653370, at *7 (M.D. Pa. Mar. 27, 2023) ("The ALJ did not find [the medical expert's] opinion equally persuasive as other opinions, and, therefore, did not need to articulate how he considered the treatment relationship factors."). This is not the case here, because the ALJ did not indicate that any conflicting medical experts' opinions were equally persuasive and supported by the record. Indeed, the ALJ found Dr. Stone's opinion neither persuasive nor supported by the record as to the opined walking and standing limitations and need to change position frequently, so that need not be reconciled with other opinions at all. Therefore, the ALJ did not need to discuss specialized factors under § 404.1520c(b)-(c) in her decision and did not err.

Finally, Belcher argues that the ALJ's reasoning was minimal and based on selective evidence which prevents the Court from conducting a meaningful judicial review. Doc. 11 at 14. The Court disagrees. The ALJ's decision was explained sufficiently enough for this Court to follow her reasoning, and she highlighted evidence that was balanced, including evidence in Belcher's favor. For example, when analyzing the opinion of Dr. Parmelee, the ALJ determined that it was only partially persuasive because "the recent medical evidence and hearing testimony, as discussed above, showed the claimant to be *more restricted* than Dr. Parmelee's assessment." Doc. 8-2 at 30 (emphasis added). Additionally, the ALJ referenced medical evidence that supported a finding of disability several times in her opinion, thus her reasoning was not based on partial or selective evidence. Doc. 8-2 at 26, 29-30.

## V.    CONCLUSION

Based on the foregoing, the Court will **AFFIRM** the Commissioner's decision.

An appropriate order follows.

Dated: March 31, 2026              s/*Sean A. Camoni*
                                   Sean A. Camoni
                                   United States Magistrate Judge